IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACY WULAH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 22-1187-GBW |
| EQUIFAX, INC., | : |
| Defendant. | : |

## MEMORANDUM

Plaintiff Tracy Wulah ("Plaintiff") commenced this action on September 9, 2022. (D.I. 2) She appears *pro se* and was denied leave to proceed *in forma pauperis* on September 19, 2022. (D.I. 4) On September 30, 2022, Plaintiff filed a rebuttal to the order, construed as a motion for reconsideration. (D.I. 6)

Plaintiff was denied *in forma pauperis* status based upon the reported average monthly income and expected monthly income of Plaintiff (*i.e.*, $2,800) and her spouse (*i.e.*, $1,350). (*See* D.I. 1, 4) Together, those amounts total an annual income of $49,800. (*Id.*) Plaintiff states that she does not make an annual income of $49,800 and "rebuts" the order by attaching income and payment statements to her motion. (D.I. 6)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors

1

of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff was denied leave to proceed *in forma pauperis* based upon her answers and the combined income of Plaintiff and her spouse (*i.e.*, $49,800). Even when considering the attachments to the instant motion, Plaintiff does not

2

qualify for *in forma pauperis* status when taking into consideration the combined income of Plaintiff and her spouse.

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's September 19, 2022 Order. Therefore, the motion for reconsideration will be denied. (D.I. 6) Plaintiff must pay the $402 filing fee in full. *See* 28 U.S.C. § 1914. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 19, 2022
Wilmington, Delaware